UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDIE PRIMM,

Plaintiff,

v.

Case No. 2:26-cv-1617-KCD-NPM

GREGG W. HAWES, SUSAN SOMERVILLE-HAWES,

Defendants.

___________________________________/

**ORDER**

Plaintiff Wendi Primm fell down the stairs of Defendants' rental property and was injured. (Doc. 4.) Primm filed a negligence action in state court, but Defendants removed it here based on diversity jurisdiction. (Doc. 1.) Unsure about the amount in controversy, the Magistrate Judge directed Defendants to supplement the notice of removal. (Doc. 25.) Defendants did so. (Doc. 30.) After review, the Court remands this case for lack of subject-matter jurisdiction.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). When a complaint does not allege a specific amount of damages and jurisdiction is questioned, as here, "the defendant . . . must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Defendants argue that several pieces of evidence combine to satisfy the jurisdictional threshold for damages. Namely, the complaint's allegations (Doc. 4), Primm's damages computation (Doc. 30-1), medical billing records to support that computation (Doc. 30-2), and medical records (Doc. 30-3). Starting with the damages computation, Primm identifies $36,826.01 in medical charges and lost earnings. (Doc. 30-1.) Defendants also note that the complaint alleges personal and permanent injuries. (Doc. 30 at 5.) But the complaint is sparse on specifics and itemizes no damages, containing only a laundry list of conclusory damages such as bodily and mental injury, pain and suffering, and future losses. (Doc. 4 at 9.) Such generalized claims do not show that the amount in controversy is likely to exceed $75,000. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). So the pleadings ultimately don't help.

That leaves the medical records that Defendants argue put the case over the jurisdictional threshold. The records show that Primm was treated for an arm fracture, near the shoulder joint, and was imposed restrictions, prescribed pain meds, and prescribed orthopedic follow-up. (Doc. 30-2.) The charges for these first days and for physical therapy are included in the calculation of damages. The Court sees no information in the medical records that would further move the needle on jurisdictional damages.

Finally, Defendants ask the Court to consider Primm's future damages for medical care, lost earnings, loss of earning capacity, and losses. (Doc. 30 at 9.) But these damages are too speculative. Indeed, Primm hasn't been to physical therapy since January 2025. (Doc. 30-1 at 11.) And because jurisdiction must exist at the time of removal, the speculative possibility of future medical care (or other continuing damages) is not determinative. *Sinclair v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-CV-320-FTM-29, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal."); *see also Pennington v. Covidien LP*, No. 8:19-CV-273-T-33AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); *Greenberg v. FCA US LLC*, No. 8:24-CV-2559-VMC-TGW, 2024 WL 4764476, at *2 (M.D. Fla. Nov. 13, 2024) ("The Court does not credit the estimated cost of future medical expenses here because there is no information as to what those future medical expenses entail or any evidence that Plaintiff [ ] has scheduled any future medically necessary procedures.").

At bottom, the only concrete damages total $36,826.01. The notice of removal and supplement otherwise consists of bare assertions. Coupled with Defendants' failure to submit any other evidence about the severity of the alleged injuries, the Court has little more than speculation about the amount in controversy. *See, e.g.*, *Lima v. Litfin*, No. 8:21-CV-1722-VMC-TGW, 2021 WL 3185966, at *2 (M.D. Fla. July 28, 2021).

Resolving all uncertainties in favor of remand, as the Court must, Defendants have not met their burden of proving the requisite amount in controversy. *See Candelario v. USAA Cas. Ins. Co.*, No. 6:20-CV-2373-JA-LRH, 2021 WL 406262, at *2 (M.D. Fla. Feb. 5, 2021). Thus, the case is remanded.

Accordingly, it is **ORDERED:**

1. The Clerk is **DIRECTED** to remand this case to state court by transmitting a certified copy of this Order to the clerk for the Twentieth Judicial Circuit in and for Lee County, Florida. The state-court case was previously captioned 26-CA-000938.
2. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on August 12, 2026.

Kyle C. Dudek
United States District Judge